IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-00149-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | GOVERNMENT'S WRITTEN |
| v. | ) | APPEAL OF DISTRICT |
| | ) | JUDGE ORDER |
| SHANYNN KEMP | ) | |
| | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby requests a hearing pursuant to 18 U.S.C. § 3142. In support of this request, the Government shows the following:

Procedural History

On March 27, 2019, a Complaint was filed in the Eastern District of North Carolina, charging the defendant with tampering with a witness, victim, or an informant, in violation of Title 18, United States Code, Sections 1512(b) and (c)(1). *See* DE-1. Magistrate Judge James E. Gates issued an arrest warrant in conjunction with the Complaint on the same date. DE-2.

On March 29, 2019, the defendant was arrested in Fostoria, Ohio, where she was residing with three of her adult children and her sister's family. The same day, she had an initial appearance before Magistrate Judge James R. Knepp, II, in the Northern District of Ohio, at which time the Government moved for her pre-trial detention. The defendant appeared telephonically from a hospital where she was being evaluated based on several claims she made concerning her health. The

1

Magistrate Judge issued a removal order and further ordered the defendant detained until the detention hearing. The defendant was released from the hospital without an overnight stay. She was then directly transported to the Corrections Center of Northwest Ohio (CCNO). On April 1, 2019, the Magistrate Judge vacated the detention hearing scheduled for April 1, 2019.

On April 4, 2019, U.S. District Court Judge James G. Carr, in the Northern District of Ohio, held a detention hearing for the defendant, in part because CCNO informed the United States Marshals that they were no longer willing to house the defendant due to her various maladies. The defendant's sister, Karrie Alvarez, with whom the defendant was residing, testified at the hearing that she was willing to be a third-party custodian and would enforce any conditions of pretrial release. A doctor who had initially represented by letter that the defendant could not travel under any circumstances also testified. The doctor said the defendant had an acute condition that needed to be addressed prior to travel.

Judge Carr ordered the following:

1) The defendant would be transported via ambulance to the hospital in Fostoria, Ohio, for evaluation.

2) The defendant is on bond under the care of Karrie Alvarez, but she must remain in a medical care facility.

3) If it is determined that the defendant can be released from the medical facility, she will be returned to custody, and the court will evaluate further.

4) While the defendant is on bond:

- a. Neither she nor anyone acting on her behalf shall have contact with any of the victims in this case; and

- b. Mrs. Alvarez can continue contact with the victims to arrange their move out of her home, if they still intend to do that.

5) Execution of the removal order be stayed pending her doctor's evaluation of Kemp for travel.

On April 4, 2019, a six-count Indictment was returned in the Eastern District of North Carolina charging the defendant with tampering with a witness, victim, or an informant, in violation of Title 18, United States Code, Sections 1512(b), (c)(1) and (c)(2). *See* DE-6. An arrest warrant was issued on the same day. DE-10. Pursuant to Judge Carr's order that the defendant not be in federal custody while receiving a medical evaluation, the arrest warrant has not yet been served. FBI Special Agent Jessica Smeltz, the agent assigned to Kemp's case, remains in contact with the United States Marshals Service regarding timely service of the warrant.

U.S. Marshals in the Eastern District of North Carolina have arranged to fund the medical transport of the defendant as soon as she is cleared for travel. A special detention facility in South Carolina, one equipped to service a wide variety of medical needs, is also prepared to receive the defendant for housing while she is detained.

Argument

This Court has original jurisdiction over the prosecution of Kemp. Accordingly, under 18 U.S.C. § 3145(a)(1), it wields the authority to review and revoke or modify a release order by an out-of-district District Court Judge. This review is *de novo*. *See*

*United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989); *see also* 18 U.S.C. § 3145(a).

According to Title 18, United States Code, Section 3142(e)(1), a defendant shall be detained pending trial if a judicial officer finds that "no condition or combinations of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

As the Complaint in this case makes clear, the defendant and her husband, Daniel Kemp, have sexually and physically abused their adopted children for over a decade. As an example, during the course of this investigation, Victim 2, an adopted child of the Kemps, disclosed that Daniel Kemp began sexually abusing her when she was 12 years old. She stated that she witnessed another sibling being forced to perform oral sex on Daniel Kemp. Another adopted child of the Kemps disclosed that he was forced to engage in sexual acts with Victim 2 while Daniel Kemp watched. Victim 2 stated that she disclosed this abuse to the defendant, who took no action. In fact, the evidence indicates that the defendant physically abused the children, including beating them with wooden objects and locking them in closets.

In April 2017, while the family was stationed at Fort Bragg Military Installation, Victim 1 disclosed to a schoolteacher that her father had been sexually abusing her for years, including forcing her to perform sexual acts and to watch pornography with him. In response to this disclosure, Daniel Kemp was taken into custody by the United States Army Criminal Investigation Command (CID). That same day, the defendant gathered the children and digital evidence from their

4

Cameron, NC home and fled the state. From that point forward, the defendant continued to engage in behavior intended to obstruct the military's investigation and intimidate the victims into recanting their disclosures of abuse. *See* DE-1. In light of these facts, the Government believes that the factors to be considered under Title 18, United States Code, Section 3142(g) counsel against release.

In fact, Magistrate Judge James R. Knepp, II found that the allegations in the Complaint, along with additional information, merited detention pending a detention hearing, despite the fact that the defendant was in the hospital at the time. District Judge Carr made no independent findings on the factors to be weighed when determining detention under 18 U.S.C. §3142(g). Instead, Judge Carr made a determination to release the defendant due to her various health issues and out of concern for her safe transport to the Eastern District of North Carolina. On April 5, 2019, the defendant was again transported to a hospital to assess her medical conditions.

Although the defendant asserts several medical conditions she believes should prevent her incarceration and transportation to the Eastern District of North Carolina, the reality is that the United States Marshals Service is well-equipped to review Kemp's medical records and ascertain the level of care needed during her incarceration and transport. Judge Carr's order has created a difficult limbo wherein the U.S. Marshals must stand-by waiting for the defendant's personal doctors to determine how she should be detained and transported. Because one hospital has already determined that Kemp does not have an acute condition requiring

5

hospitalization, it is well within the scope of the U.S. Marshals to take custody of the defendant and assess her medical needs, as they do for every other defendant.

Accordingly, the Government respectfully requests that this Court order the defendant detained pending her trial so that the U.S. Marshals may resume planning her medical transport to the Eastern District of North Carolina.

## Conclusion

Therefore, considering the totality of the circumstances in this case, the factors for detention pursuant to 18 U.S.C. § 3142(g) are satisfied and detention should be imposed.

Respectfully submitted, this 5th day of April, 2019.

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ Melissa Belle Kessler
MELISSA BELLE KESSLER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601
Ph. (919) 856-4877
E-mail: Melissa.Kessler@usdoj.gov
Georgia Bar No. 337046

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 5th day of April, 2019, a copy of the foregoing Government's Notice of Appeal of Magistrate Order was filed on the CM/ECF system and served upon counsel for the defendant:

    CHRISTOPHER J. LOCASCIO
    Assistant Federal Public Defender
    150 Fayetteville Street, Suite 450
    Raleigh, North Carolina 27601
    Telephone: 919-856-4236
    Fax: 919-856-4477
    E-mail: Chris_Locascio@fd.org

    BY: /s/ Melissa Belle Kessler
    MELISSA BELLE KESSLER
    Assistant United States Attorney
    310 New Bern Avenue, Suite 800
    Raleigh, North Carolina 27601
    Ph. (919) 856-4877
    E-mail: Melissa.Kessler@usdoj.gov
    Georgia Bar No. 337046

7

Case 5:19-cr-00149-BO   Document 11   Filed 04/05/19   Page 7 of 7